Judgment reversed and defendant ordered discharged.

WEIER, P. J., and RENDLEN, J., concur.

Ed M. PAYNE d/b/a Ed M. Payne Insurance, Plaintiff-Respondent,

v.

CREEK AUTO WORKS, INC., Defendant-Appellant.

No. 10129.

Missouri Court of Appeals, Springfield District.

Sept. 27, 1976.

Jerry Reynolds, Springfield, for plaintiff-respondent.

Carl E. Yates, Yates, Mauck, Robinett & Hannah, Incorporated, Springfield, for defendant-appellant.

PER CURIAM.

The notice of appeal in this case was filed September 10, 1975, and following a six-month extension of time in which to file the transcript by the trial court and an additional thirty-day extension by this court the transcript was filed two days late on April 12, 1975.

Appellant's brief was due to be filed with us within 60 days after the date the transcript was filed. Rule 84.05, V.A.M.R. At appellant's request we granted two separate thirty-day extensions of time for filing of its brief, the last such extension expiring on September 10, 1976. On that date appellant filed its third motion for extending the time to file its brief, seeking an additional thirty-day period, because the "press of other matters" had prevented appellant's counsel from completing the brief. This was the same reason given for appellant's previous motions to extend the time for filing its brief.

 Since at the time the third motion was filed with us appellant had already had in excess of 150 days since the transcript was filed to prepare its brief, we can only conclude that all other matters were considered more important than the appeal pending in this court. The stated reason for delay constitutes no legal excuse for failure to comply with the rules governing appeals.

 This dismissal should serve as a *caveat* that the leniency experienced by the Bar in the past because of attending to other legal business has come to an end. This oft-stated reason will no longer be recognized in this District as a ground for extending the time in which briefs are to be filed.

Appellant's motion is denied and the appeal is dismissed for failure to perfect. Rule 84.27, V.A.M.R.

All concur, except STONE, J., who took no part in the consideration or decision of this case.